LAITIITI TO'OTO'O of Olosega, Objector

v.

POUTOA APE of Olosega, Applicant

No. 139-1963

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Ape" of Olosega]

May 7, 1965

Usu, Counsel for Laitiiti To'oto'o.
Lolo, Counsel for Poutoa Ape.

OPINION OF THE COURT

ROEL, *Associate Justice*.

On September 25, 1963, Poutoa Ape, hereinafter referred to as Applicant, filed his application with the Registrar of Titles to be registered as the holder of the matai title Ape, attached to the village of Olosega in Manua. Three objections were initially filed to the registration by Poutoa Ape, by Laitiiti To'oto'o on October 10, 1963, by Tupulua Tagaloa on October 23, 1963 and by Vave A. Ape on November 4, 1963, each of the three objectors claiming to have a better right to the title than the Applicant. This resulted in each of the Objectors and the Applicant becoming candidates for the Ape title.

Objector Vave A. Ape by letter dated April 5, 1965 addressed to the Clerk of the High Court asked that his objection be withdrawn. Before the start of the case on the day of trial, Objector Tupulua Tagaloa asked leave of the Court to withdraw his objection. The withdrawing by two of the original objectors left only Poutoa Ape, Applicant and Laitiiti To'oto'o, Objector, as candidates for the Ape title.

Section 6.0101 of the Code of American Samoa sets out the basic qualifications which a person must have to be eligible to succeed to a matai title.

It is clearly established from the evidence that each of the two candidates herein is eligible to be registered as the holder of a matai title.

Section 6.0107 of the Code sets out the considerations which shall guide the Court in determining which of the candidates shall be registered as the holder of a matai title. It reads as follows:

677

"Sec. 6.0107—CONSIDERATION GIVEN BY COURT:

In the trial of matai title cases, the High Court shall be guided by the following considerations, in the priority listed:

First: The best hereditary right in which the male and female descendants shall be equal in families where this has been customary, otherwise the male descendant shall prevail over the female.

Second: The wish of the majority or plurality of those clans of the family as customary in that family.

Third: The forcefulness, character, personality, and knowledge of Samoan customs.

Fourth: The value of the holder of the matai title to the family, the village, and the country."

After considering the testimony and the evidence it is the opinion of this Court, and we so find, that both the Applicant and the Objector rank equally on the issue of hereditary right, each of them having one-fourth Ape blood.

In connection with the issue of the wish of the majority or plurality of the clans, it is the opinion of this Court, from the testimony and the evidence, that there are three (3) clans in the Ape family, the same being the Auvasa, the Ulufanua and Siomia clans. The Court further finds that the Applicant is favored by two whole clans and one-half of the third clan. Accordingly, it is the opinion of this Court that applicant Poutoa Ape prevails over the objector Laitiiti To'oto'o on the issue of the wish of the majority or plurality of those clans of the family as customary in the Ape family.

After considering the testimony, evidence and argument, and taking into specific account the demeanor, personality, presence of mind, the clarity, speed and correctness with which the answers were given, the self-confidence and other qualities reflected from the speech and behavior of the candidates, this Court is of the unanimous opinion that

candidate Poutoa Ape, applicant, prevails over candidate Laitiiti To'oto'o, objector, in the third consideration under Section 6.0107 in the issue of forcefulness, character, personality, and knowledge of Samoan customs.

It is further the unanimous opinion of this Court, after considering the testimony and the evidence, that the applicant Poutoa Ape, prevails over objector Laitiiti To'oto'o in connection with the value of the holder of the maitai [sic] title to the family, the village, and the country, as set out in the forth [sic] issue in Section 6.0107 of the Code of American Samoa.

Since we find that applicant, Poutoa Ape, prevails over objector Laitiiti To'oto'o in the second, third and forth [sic] issues under Section 6.0107 and that each of the two candidates rank equally in the issue of hereditary right, it follows that the applicant, Poutoa Ape, should be registered as the holder of the matai name Ape attached to the village of Olosega, Manua.

Accordingly, it is the unanimous decision of this Court, and it is hereby ORDERED, ADJUDGED AND DECREED that Poutoa Ape be registered as the holder of the matai title Ape, attached to the village of Olosega, Manua.

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $25.00 to be paid by objector Laitiiti To'oto'o within 30 days.

Done this 7th day of May, 1965.